**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE McDUFFIE,<br><br>              Plaintiff,<br><br>   vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security Administration,<br><br>              Defendant. | CASE NO. CV 06-04455 (RZ)<br><br>MEMORANDUM OPINION AND ORDER |

        Because neither of Plaintiff's arguments for reversal or remand persuades the Court that prejudicial error occurred, the Court will affirm.

## I.

## TREATING PHYSICIAN'S OPINION

        Plaintiff's first argument is that the Administrative Law Judge erred by failing to provide an adequate basis for rejecting the letter opinion of her treating physician, Bernadette Pendergraph, M.D. The Court partially agrees but finds the error to have been harmless.

        Dr. Pendergraph reported that, based on her May 2004 examination and MRI, Plaintiff suffered from cervical spinal stenosis and nerve root impairment, and diffuse cervical degenerative disc disease. The doctor thus recommended that Plaintiff "should not

lift more than 10 pounds" and referred Plaintiff (1) to physical therapy, (2) to a pain clinic for possible spinal injections, and (3) to neurosurgery, for consideration of surgical treatment. *See* Administrative Record ("AR") 273-74.

An Administrative Law Judge may favor consultative examiners' views over those of treating physicians if he "makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (internal quotations omitted). The Administrative Law Judge satisfies this burden by setting forth a detailed and thorough summary of the facts and conflicting clinical evidence, stating his or her interpretation thereof, and making findings reasonably supported by that evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Here, after summarizing the evidence relating to Plaintiff's degenerative disc disease, including other reports less favorable to Plaintiff's claim and the letter report of Dr. Pendergraph, the Administrative Law Judge explained as follows his rejection of Dr. Pendergraph's opinion:

> I do not put weight on [Dr. Pendergraph's] interpretation [of the May 2004 MRI results] because it is inconsistent with claimant's lack of treatment. . . . Claimant has not had surgery, nor has she had epidural injections. She has not had treatment to relieve pain symptoms. . . . I note claimant complained of knee pain on March 2, 2005, stating she injured it exercising in an aerobics class. ([AR 165]).

AR 16.

Dr. Pendergraph's interpretation of the MRI data was a medical judgment, not an administrative one. For this reason, and because the Administrative Law Judge is not a doctor, *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975), the judge erred in

purporting to reject that interpretation. (Plaintiff asserts additional reasons why this portion of the opinion is erroneous, particularly the opinion's assertion that Plaintiff did not seek more aggressive pain treatment, but the Court need not consider those additional reasons.) This error was harmless, however, for Dr. Pendergraph's own bottom-line opinion was that Plaintiff "should not lift more than 10 pounds." That opinion is not inconsistent with the Administrative Law Judge's finding that Plaintiff was qualified for a *sedentary* occupation, namely her prior work as a real estate clerk. AR 17.

## II.

## PLAINTIFF'S CREDIBILITY

Plaintiff's second argument is that the Administrative Law Judge erred in finding her pain testimony less than fully credible. Generally, once a claimant has supplied objective medical evidence of a malady that "could reasonably be expected to produce" some degree of pain or other subjectively-reported symptoms, the Administrative Law Judge may discount the claimant's testimony about the degree of pain, and how that pain affects the claimant's ability to work, only if the judge supplies specific, cogent reasons supported by substantial evidence in the record, *see Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), sufficient to permit this Court to conclude that the Administrative Judge's disbelief was not arbitrary. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994). Among other factors, the Administrative Law Judge properly may base credibility findings on a claimant's reputation for truthfulness and any inconsistencies between his subjective account, on the one hand, and, on the other hand, his conduct, routine activities, and reports from physicians and others about the nature and severity of the claimant's symptoms. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the Administrative Law Judge complied with these standards by noting that Plaintiff's routine activities were inconsistent with her claim of a completely disabling level of pain, in that she –

is able to care for her own needs and perform household chores. She is able to drive, take public transportation and shop. She reports that she spends much of her time outside her home pursuing worker's compensation and Social Security benefits ([AR 86-89]). She was also able to take an aerobics class. Although she alleged "continual" spasms of the neck and back, Dr. [Ella] Tamayo did not detect any when claimant was examined [on May 5, 2004].

AR 16; *see* AR 165 (treatment note indicating Plaintiff's report that she injured her knee in aerobics class). Plaintiff seeks to minimize these activities, but even viewed in such a light, they at least supply substantial evidence that Plaintiff was not *as* incapacitated by her pain as she asserted.

### III.
### CONCLUSION

Neither argument by Plaintiff demonstrates that the underlying decision lacks substantial evidentiary support or resulted in prejudicial legal error as she asserts. For the foregoing reasons, the decision is affirmed.

DATED: October 4, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE